# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:09-cr-0152-RLH-LRL |
| vs. | **O R D E R** |
| RICARDO GAXIOLA-SANCHEZ, | (Motion Pursuant to §2255–#45) |
| Defendant. | |

Before the Court is Defendant Gaxiola's **Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** (#45, filed March 7, 2011).

Because the motion, the files and records of the case conclusively show that the prisoner is entitled to no relief, neither a notice to the U.S. Attorney nor a hearing are required, and the motion will be summarily denied.

Title 28 U.S.C. §2255 provides that the Court's sentence may be attacked if (1) it is in violation of the Constitution or laws of the United States, (2) the court did not have jurisdiction to impose the sentence, or (3) the sentence is in excess of the maximum authorized or is otherwise subject to collateral attack. The Defendant provides no basis to attack this Court's sentence under either of the foregoing bases.

There is only one ground stated for the motion. It states: "Ground One: THE DEFENDANT PLEAD GUILTY WITHOUT THE BENEFIT OF HAVING A PLEA AGREE-MENT AND OR WITH OUT BEING ADVISED OF THE CONSEQUENCES."

In the body of the motion, Gaxiola-Sanchez hints that his attorney was ineffective because he was not told that he would be subject to the 16-level enhancement. He claims "he was denied due process and effective assistance of counsel for had he known that he would have been subject to the 16 Level enhancement, he more likely than not would not have plea [sic] openly but rather to a plea agreement."

First, the Defendant has no right to a plea agreement. Entering a plea without a plea agreement qualified him for a reduction for acceptance of responsibility, which reduction he was given.

Second, there is no evidence that he would have avoided the 16-level enhancement had he entered into a plea agreement. In fact, he appealed the 16-level enhancement and the sentence was summarily affirmed. (#41, entered June 6, 17, 2010). The Court of Appeals, specifically noting that the appeal was based upon the enhancement, found that the "questions raised in this appeal are so insubstantial as not to require further argument."

Third, during the plea colloquy, this Court specifically asked the Defendant if he was aware of the maximum sentence he faced and he acknowledged that he faced up to 20 years in prison. His sentence was for 46 months.

Fourth, he suggests that the Court should have considered the issue of cultural assimilation and expressed his desire to remain in this country. His attorney argued very competently that he deserved consideration for his assimilation in this country. The Court was not overly impressed with his assimilation, since the rest of his family had become citizens while he had pursued a life of criminal activity. However, there is absolutely no evidence that the failure of that argument was due to the ineffectiveness of his counsel. If anything, her arguments on his behalf were laudatory.

It appears that she recommended the "straight up plea," *i.e.*, without a plea agreement, to preserve his ability to make a record and appeal the basis for the 16-level enhancement. It was preserved and the matter was appealed on his behalf. The sentence was affirmed, but it was not

for lack of effectiveness of counsel.  Defendant stated, under oath, that he knew what he was doing and that he entered the plea voluntarily.  He acknowledged, also under oath, that he knew the maximum penalty he faced, which included the enhancement.

To prevail on his ineffective assistance of counsel claims, Defendant must show that: 1) his attorney's performance "fell below an objective standard of reasonableness," and 2) his counsel's deficient performances prejudiced his defense.  *Strickland v. Washington,* 477 U.S. 668, 687-88 (1984).  A defendant who has "fail[ed] to satisfy either the deficient performance or the prejudice prong of the *Strickland* test has failed to make a claim for ineffective assistance of counsel." *United States v. Molina* 934 F.2d 144, 1447 (9th Cir. 1991).  Defendant's claim fails both prongs of the *Strickland* test.  The performance of Defendant's appellate counsel did not fall below an objective standard of reasonableness nor did counsel's actions prejudice him as to his sentence.

IT IS THEREFORE ORDERED that Defendant Gaxiola's **Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** (#45) is DENIED.

Dated: March 18, 2011.

_____
**Roger L. Hunt**
**Chief United States District Judge**